*W. D. McNeil,* for plaintiff.    *John R. L. Smith,* for defendant.

---

## GINN *v.* PARRIS.

The evidence authorized the verdict. The newly discovered evidence is merely cumulative and impeaching, and is not of a character to require the grant of a new trial.

No. 847.    JULY 10, 1918.

Equitable petition.    Before Judge Tarver.    Dade superior court. January 7, 1918.

*B. T. Brock* and *W. P. McClatchey,* for plaintiff in error.

GILBERT, J.  Bris Parris filed an equitable petition against W. T. Ginn, alleging, that he is the owner of a certain lot of land in Dade County, bounded on the north by the State line between Georgia and Tennessee; that Ginn is a citizen and resident of Tennessee, residing on the north of the line; that Ginn is making preparation to locate a certain sawmill, with engine, boiler, and fixtures, upon the land of petitioner; that he has already placed some machinery thereon and intends to locate his mill permanently and to appropriate to his own use, without the consent of petitioner, a valuable strip of land belonging to petitioner; that Ginn is insolvent, and, if allowed to take possession of and appropriate the strip of land, he will thereby cause petitioner to sustain loss and damage for which he can not be recompensed in a court

of law, because of the insolvency of the defendant. It was prayed that the defendant be enjoined and restrained from so locating the sawmill, machinery, and fixtures, and in any way operating or running the sawmill while it is located upon the lands of petitioner. The defendant denied that he had located his sawmill or any of his machinery or fixtures upon the land of petitioner, but insisted that he was locating and intended to operate the same on his own land, which is entirely within the State of Tennessee. He also denied insolvency, and insisted that he was amply able to answer for any damages which might be adjudged against him. He admitted that he was a resident of Tennessee.

On the trial it was agreed that there was but one issue of fact to be determined, and that was whether the particular land where the defendant was undertaking to locate his sawmill was within the State of Tennessee or the State of Georgia. Evidence was submitted, and the jury found it to be in Georgia, as contended by the plaintiff. A motion for new trial was made on the general grounds, which was amended by the addition of other grounds based upon newly discovered evidence. There is no assignment of error based upon the instructions of the court, nor upon the admission or rejection of evidence. The evidence introduced on the trial was in sharp conflict on the question, and were we acting in the capacity of jurors a different verdict might have resulted; but we can not say that the finding of the jury was not warranted by the evidence. The newly discovered evidence is merely cumulative and impeaching, and is not such as will require the grant of a new trial. *Judgment affirmed. All the Justices concur.*